UNITED STATES DISTRICT COURT         SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| PATRICIA REPS, | § | |
| | § | |
| Plaintiff, | § | |
| *versus* | § | CIVIL ACTION H-05-396 |
| | § | |
| | § | |
| JO ANNE B. BARNHART, | § | |
| | § | |
| Defendant. | § | |

# Opinion on Summary Judgment

1. *Introduction.*

The question in this action is whether substantial evidence supports the commissioner's decision that Patricia Reps is not disabled under the terms of the Social Security Act. It does.

Reps brought this action for judicial review of the commissioner's final decision denying her claims for disability insurance benefits. 42 U.S.C. §§ 405(g), 416(i) and 423. Both sides have moved for summary judgment.

2. *Standard of Review.*

Judicial review is limited to determining whether there is substantial evidence in the record as a whole to support the commissioner's decision. *See Richardson v. Perales*, 402 U.S. 389 (1971). In cases of administrative-agency decisions like this, the function of judicial review is to ensure that the bureau employed an essentially fair process, invalidating not those decisions with which the court might disagree but, those where governmental regularity has lapsed into an exercise of mere will.

A decision unsupported by substantial evidence must fail. Substantial evidence means a level of proof that a reasonable mind might accept as adequate support of a conclusion. This court may not independently weigh the evidence, try issues afresh, or substitute its judgment for that of the secretary. *See Jones v. Heckler*, 702 F.2d 616 (5th Cir. 1983).

3. *The Statutory Criteria.*

The law establishes a two-part test for determining disability. First, the claimant must suffer from a medically determinable impairment—physical or mental—that can be expected to last for at least twelve continuous months. 42 U.S.C. § 423(d)(1)(A). Second, the impairment must be so severe that the claimant is unable to engage in substantial gainful activity. 42 U.S.C. § 423(d)(2)(A).

4. *Background.*

Patricia Reps applied for disability benefits. Reps suffers from numerous impairments including: Raynaud's phenomenon; gastroesophageal reflux; heart problems; osteoporosis; and depression. She claims these impairments have disabled her from August 1997 to September 2003.

Reps has not been gainfully employed during that time. She testified about her condition, and several doctors evaluated her condition. The medical reports include evaluations by Reps's treating physician, Doctor Sang, and other consulting physicians indicating Reps could work. A later report by Sang implies an inability to work.

The hearing officer relied on most of the medical evidence in finding she was not entitled to benefits after considering Reps's subjective determination of her disability and Sang's description of her limitations. Reps wants the court to remand the case because the commissioner failed to include all evidence referred to by the hearing officer and the hearing officer did not give Sang's later opinion proper weight.

5. *Application.*

Reps does not claim the lack of a transcript of the oral testimony from the previous administrative hearings in the record caused any harm in this case. She did not dispute the accuracy of the testimony at the administrative hearings nor does she dispute it in this case. The testimony referred to by hearing officer is cited in the previous administrative hearing decisions included in the record. Reps was not prejudiced by the commissioner's failure to include a transcript of earlier oral testimony. Without any harm to Reps, remanding the case to the administrative level would only delay a decision by this court.

The hearing officer gave Doctor Sang's determination of Reps's limitations in January 2001 proper weight compared to the other medical evidence. In March 1999, Sang reported Reps could perform sedentary work if she avoided certain conditions such as extreme temperature changes and vibrations. In June 1998, Doctors Sang and

- 3 -

Montgomery determined Reps did not suffer from significant neurological deficits or muscle atrophy.  In June 2003, Doctor Beard found Reps was able to frequently lift 50 pounds, walk, sit and stand without limitations, and use her hands and fingers with few limitations.  Sang's January 2001 report indicates, since 1997, Reps limitations include sitting two hours and standing two hours out of an eight hour day, occasionally lifting 10 pounds, and missing work more than three days a month.  The change in Sang's opinion is not supported by a change in Reps's medical condition.  The medical records and Reps's daily activities demonstrate enough evidence for the hearing officer to determine Reps was capable of performing sedentary work.

The medical evidence indicates Reps has some impairments affecting her ability to work.  The vocational expert found Reps could work in a low-stress, sedentary environment and listed specific jobs she was capable of performing with her impairments.  Reps's impairments limit the type of work she can perform, but she is not incapable of working.  Reps is not eligible for benefits.

6.  *Conclusion.*

The decision of the commissioner denying Patricia Reps's claim for disability insurance benefits is supported by substantial evidence and should be affirmed.

Signed February 4, 2006, at Houston, Texas.

_____
Lynn N. Hughes    USDJ
United States District Judge